IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RANDY RAY WESSON,** | § § § § § § § § § § | |
| Movant, | | |
| VS. | | NO. 4:19-CV-035-P |
| | | (NO. 4:14-CR-245-Y) |
| **UNITED STATES OF AMERICA,** | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Randy Ray Wesson, Movant, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:14-CR-245-Y, and applicable authorities, finds that the motion should be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On December 17, 2014, Movant was named in a two-count indictment charging him in count one with possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), and in count two with receipt of a visual depiction of a minor engaged in sexually explicit conduct, in violation

of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). CR Doc.[1] 14. Movant initially pleaded not guilty. CR Doc. 18. On February 18, 2015, he appeared before the Court with the intent to enter a plea of guilty to the offenses charged pursuant to a plea agreement. CR Doc. 22. Movant and his attorney signed a factual resume setting forth the elements of the offenses, the maximum penalty Movant faced, and the stipulated facts supporting Movant's guilt.[2] CR Doc. 26. A plea agreement with waiver of appeal, signed by Movant, his counsel, and counsel for the government was filed,[3] CR Doc. 24, along with a plea agreement supplement filed under seal. CR Doc. 25. In addition, Movant, his counsel, and counsel for the government signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 23. Movant did not lodge any objections to the proceedings and the Court accepted movant's plea of guilty. CR Doc. 29.

The probation officer prepared the presentence report ("PSR"), CR Doc. 41, which reflected that Movant's base offense level was 22. PSR ¶ 47. He received: a two-level increase for material involving a prepubescent minor, *id.* ¶ 48; a five-level increase for distributing child pornography in exchange for valuable non-pecuniary consideration, *id.* ¶ 49; a four-level increase for material that portrays sadistic or masochistic conduct or other depictions of violence, *id.* ¶ 50; a five-level increase for engaging in a pattern of activity

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-245-Y.
[2]The factual resume clearly set forth that Movant was subject to a term of imprisonment of not more than 20 years as to count one and a term of imprisonment of not less than 5 years and not more than 20 years on count two. CR Doc. 26 at 1–2.
[3]The plea agreement likewise set forth the terms of imprisonment to which Movant was subject, CR Doc. 24 at 2, and set forth the agreement of the parties that the appropriate punishment in the case would be a sentence not to exceed 30 years' confinement, which would be binding on the court if the plea were to be accepted. CR Doc. 24 at 3.

involving the sexual abuse or exploitation of a minor, *id.* ¶ 51; a two-level increase for an offense involving the use of a computer, *id.* ¶ 52; a five-level increase for an offense involving 600 or more images, *id.* ¶ 53; and, a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 59, 60. Based on a total offense level of 42 and a criminal history category of I, Movant's guideline imprisonment range was 360 months to life. Because of the statutory limitation, the range became 360 to 480 months. *Id.* ¶ 125. Movant did not file any objections to the PSR, but did file a motion for downward variance, arguing that USSG 2G2.2 overstated his culpability and that he was molested as a minor. CR Doc. 65.

On June 15, 2016, Movant was sentenced to a term of imprisonment of 180 months as to count one and a term of imprisonment of 180 months as to count two, to run consecutively. He was also sentenced to terms of supervised release of 10 years as to each count, to run concurrently. CR Doc. 73. Movant appealed. CR Doc. 75. His judgment was affirmed. *United States v. Wesson*, 705 F. App'x 311 (5th Cir. 2017).

## GROUND OF THE MOTION

The motion reflects that Movant is asserting one ground based on ineffective assistance of counsel. Doc.[4] 4 at 7. Under the heading for "supporting facts," Movant says, "See attached Memorandum in support." *Id.* The attached document is titled, "Statement of Facts" and appears as though it was something filed in the United States Court of Appeals for the Fifth Circuit. *Id.* at PageID[5] 38. Giving Movant the benefit of the doubt,

---

[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[5] The "PageID __" reference is to the page number assigned by the court's electronic filing

he alleges that his counsel was ineffective because: (1) the court did not understand the plea agreement to set a 30-year maximum on Movant's sentence, *id.* at PageID 40; (2) Movant was not admonished by the Court that he was exposed to a 40-year sentence, *id.* at PageID 41; (3) counsel failed to object to errors in the presentence report, *id.* at PageID 42–42; (4) the § 2G2.2(b)(3)(B) distribution enhancement was improper, *id.* at PageID 44; (5) the Court erred in grouping his offenses to determine Movant's advisory guideline range, *id.* at PageID 44–47; (6) Movant was subjected to double jeopardy, *id.* at PageID 47–49; (7) counsel failed to investigate and request a downward departure based on a pretrial sexual assault of Movant, *id.* at PageID 49–50; (8) Movant's conditions of supervised release are not reasonable, *id.* at PageID 5–56; and, (9) Movant did not have an opportunity to object to the payment conditions imposed on supervised release. *Id.* at PageID 57–58.

## STANDARDS OF REVIEW

**A.    § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time

---

system and is used because of the confusion caused by the document being attached to the motion.

on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112

(2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

On appeal Movant argued that he was not properly apprised under Rule 11 of the Federal Rules of Criminal Procedure of the statutory maximum penalties for each offense to which he pleaded guilty. The court of appeals determined that there was no error. As it noted, the record reflects that Movant was apprised several times of the maximum penalties he faced. *See, e.g.*, CR Doc. 24, 26. Movant stated under oath at rearraignment that he had read and fully understood the factual resume and the statements therein were true and correct. CR Doc. 81 at 48. Further, his plea agreement also set forth the statutory penalties Movant faced. And, appellate court found, the agreement contained a waiver of the right to appeal and to collateral review and that the waiver was knowing and voluntary. Accordingly, Movant's claims on appeal alleging district court errors and deprivations of Movant's constitutional rights were barred. *Wesson*, 705 F. App'x at 311–12.

As stated, issues raised and disposed of on appeal may not be considered in a § 2255 proceeding. Moore 598 F.2d at 441. Neither can issues that could and should have been

raised on appeal. *Capua*, 656 F.2d 1037. Accordingly, Movant's first, second, fourth, fifth, sixth, eighth, and ninth grounds are foreclosed. Moreover, since those grounds could not have been raised due to the waiver, Movant's counsel cannot have been ineffective by failing to raise them. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

To the extent Movant alleges that his counsel was ineffective for failing to raise errors in the PSR, he has not shown that he could have raised those errors anyway since they were waived. As for the remaining grounds, Movant has not shown that they have the slightest merit. He is mistaken as to his conditions of supervised release. The Court adequately explained the sentence, including the terms of supervised release. CR Doc. 82. The Court did not impose bans on nudity or computers. CR Doc. 73. An attorney is not ineffective for failing to raise meritless claims. *Kimler*, 167 F.3d at 893.

Finally, the Movant's counsel did file a motion for downward variance based on Movant's having been sexually abused as a child. The Court was aware from the presence report that Movant alleged he had been sexually assaulted while in pretrial detention. The investigation of the incident concluded with a finding of "unsubstantiated." CR Doc. 55 at 2. It appears that counsel wisely chose not to pursue a matter that would have brought Movant's credibility into question. Movant has not shown that there is any reason to believe the outcome of the proceedings would have been different had his counsel pursued the matter as a basis for downward departure.

## CONCLUSION

The court **ORDERS** that the relief sought by Movant in his motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Movant has not made a substantial showing of the denial of a constitutional right.

**SIGNED** November 2, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE